Zach Berne, ABA No. 1311098
Lanning Trueb, ABA No. 8911083
TRUEB BERNE & BEARD, LLP
330 L Street, Suite 101
Anchorage, AK 99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: zberne@tbmaritimegroup.com
　　　　ltrueb@tbmaritimegroup.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ANDREW CHRISTIANSEN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>F/V ICY MIST, LLC,<br><br>　　　　　　　　Defendant. | No.<br><br>AT LAW AND IN ADMIRALTY<br><br>COMPLAINT FOR MARITIME PERSONAL INJURIES<br><br>DEMAND FOR JURY TRIAL |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE
WITHOUT SECURITY AND PREPAYMENT OF COSTS
(28 U.S.C. § 1916)**

Plaintiff Andrew Christiansen, through counsel, for his complaint alleges the following causes of action against Defendant F/V Icy Mist, LLC:

**JURISDICTION AND VENUE**

1. This is an action for maritime personal injuries brought at law and in admiralty under §33 of the Merchant Marine Act of 1920 (presently found at 46 U.S.C. § 30104; the Jones Act) and/or under general maritime law against Plaintiff's employer and the owner of the vessel on which Plaintiff served at the time of his injuries.

Compl. for Maritime Personal Injuries
*Christiansen v. F/V Icy Mist LLC*　　　　　　　　　　　　　　　　　　　　Page 1 of 7

2. Plaintiff is a seaman within the meaning of the Jones Act.

3. All events and transactions that give rise to Plaintiff's causes of action arose while Plaintiff was employed as a seaman aboard the F/V ICY MIST while the vessel was upon navigable waters and while involved in traditional maritime commerce.

4. Jurisdiction is appropriate in this court under 28 U.S.C. § 1331, 28 U.S.C. § 1333, and/or 46 U.S.C. § 30104. Jurisdiction and venue are appropriate before this Court given the nature of the claims, because Defendant's principal place of business and/or place of incorporation are in Alaska, and because Defendant conducts business in Alaska.

5. Plaintiff's injuries and illness occurred in or around February 2024 and are therefore timely filed under 46 U.S.C. § 30106.

6. Plaintiff elects to try all clams before a jury.

**PARTIES**

7. Plaintiffs realleges and incorporates paragraphs 1 – 6 as if fully set forth.

8. Plaintiff is a citizen of the United States of America and currently resides in Kodiak, Alaska.

9. At all relevant times, Plaintiff is and was a seaman employed as a deckhand by Defendant in service of the commercial fishing vessel the F/V ICY MIST.

10. On information and belief, Defendant is and was a company incorporated and registered to do business in Alaska.

11. On information and belief, F/V ICY MIST is and was a commercial fishing vessel documented at 58-feet long and 128 gross tons with U.S. Coast Guard official number 1221114 and is now or will be within this district and the jurisdiction of this Court during the pendency of process.

Compl. for Maritime Personal Injuries
*Christiansen v. F/V Icy Mist LLC* <span style="float:right">Page 2 of 7</span>

12. On information and belief, Defendant is and was the owner, owner pro hac vice, operator, charterer, and/or controller of the F/V ICY MIST.

**CLAIMS FOR JONES ACT NEGLIGENCE
& GENERAL MARITIME LAW UNSEAWORTHINESS**

13. Plaintiff realleges and incorporates paragraphs 1 – 12 as if fully set forth.

14. On or about January 25, 2024, Defendant or its agents or representatives engaged Plaintiff to work as a seaman aboard the F/V ICY MIST.

15. In or around February 2024, while Plaintiff was performing his duties as a deckhand aboard the F/V ICY MIST, Plaintiff sustained severe and permanent injuries to his back, neck, ribs, chest, torso, shoulder, and other body parts when a crab pot swung while being hauled from the water and crushed him against a sorting table.

16. As Plaintiff's vessel employer under the Jones Act, Defendant had a duty to provide Plaintiff a safe place to work. As the owner, owner, owner *pro hac vice*, operator, charterer, controller, or manager of the F/V ICY MIST, Defendant had a duty to provide a seaworthy vessel that was reasonably fit for its intended purpose, along with the Vessel's equipment, machinery, fixtures, apparel, gear, appurtenances, and equipment. Among other duties, these duties included a duty to provide safe and appropriate vessel equipment, including but not limited to the vessel's picking boom and sorting table; a duty to ensure that the deck was maintained in a reasonably safe condition free of slipping, tripping, and other hazards; a duty to properly man or crew the vessel with experienced and competent crew members; a duty to ensure the reasonably safe layout and placement of equipment on the deck including with respect to the placement of the launcher and sorting table; a duty to implement, enforce, and follow appropriate policies and procedures for vessel operations including but not limited to hauling and

Compl. for Maritime Personal Injuries
*Christiansen v. F/V Icy Mist LLC* Page 3 of 7

landing pots, operating the hydro for the picking boom, communication between crew members, and maintaining and cleaning the deck; a duty to properly train crew members on vessel operations and the crew members' job duties including but not limited to hauling and landing pots, operating the hydro for the picking boom, communication between crew members, and maintaining and cleaning the deck; and a duty to ensure that Plaintiff received prompt and adequate medical care.

17. Defendant breached said duties in Paragraph 16.

18. As a direct legal and proximate cause of Defendant's Jones Act negligence and breach of the warranty of seaworthiness as discussed above, Plaintiff sustained severe and permanent injuries to his back, neck, ribs, chest, torso, shoulder, and other body parts. Plaintiff has suffered and will continue to suffer damages including, but not limited to the following: (a) Plaintiff has been prevented from and may in the future be prevented from pursuing his regular occupation, thereby suffering past lost income, future lost income, and diminished future earning capacity; (b) Plaintiff was prevented from and may in the future be prevented from enjoying the pursuits of life; (c) Plaintiff has experienced and will continue to experience substantial pain, suffering, and loss of enjoyment of life; (d) Plaintiff has and will continue to suffer from disabilities and functional limitations; (e) Plaintiff has and will continue to suffer from emotional distress, mental anguish, anxiety, and other psychological conditions caused by his pain, functional limitations, and the trauma of his injuries; (f) Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses, including but not limited to physician fees, medication, medical devices, and life care costs; (g) Plaintiff has suffered and will suffer other damages to be proven more definitely at trial.

19. Plaintiff seeks damages in an amount to be proven at trial in excess of $3,000,000.

20. Plaintiff was not comparatively at fault in causing his injuries.

## CLAIM FOR MAINTENANCE, CURE & UNEARNED WAGES

21. Plaintiff realleges and incorporates Paragraphs 1 – 20 as if fully set forth.

22. A vessel employer owes all seamen who become ill or injured while in service of the vessel the no-fault duty to provide maintenance, cure, and unearned wages.

23. A vessel employer's duty to provide maintenance, cure, and unearned wages is the most pervasive of all the obligations owed to seamen and is virtually automatic.

24. At all relevant times, Defendant was Plaintiff's Jones Act employer and Plaintiff was employed as a Jones Act seaman in service of the F/V ICY MIST.

25. Defendant owes Plaintiff a no-fault duty to provide maintenance, cure, and unearned wages related to the injuries Plaintiff sustained aboard the F/V ICY MIST.

26. Plaintiff has not reached maximum medical improvement and requires additional curative treatment for his vessel injuries.

27. Plaintiff also claims all past and future maintenance, cure, and unearned wages to which he is entitled, all in an amount to be determined at trial.

## JONES ACT CLAIM FOR FAILURE TO PAY MAINTENANCE, CURE, & UNEARNED WAGES

28. Plaintiff realleges and incorporates Paragraphs 1 – 27 as if fully set forth.

29. At all relevant times, Defendant was Plaintiff's Jones Act employer and Plaintiff was employed as a Jones Act seaman in service of the F/V ICY MIST.

30. After Plaintiff's injuries on the F/V ICY MIST, Defendant owed Plaintiff a no-fault duty to provide maintenance, cure, and unearned wages.

31. Under federal maritime law, Defendant must resolve all doubts or ambiguities as

Compl. for Maritime Personal Injuries
*Christiansen v. F/V Icy Mist LLC*  Page 5 of 7

to Plaintiff's entitlement to maintenance, cure, and unearned wages in favor of Plaintiff.

32. Defendant breached said duty by unreasonably and knowingly refusing to pay maintenance, cure, and unearned wages for Plaintiff's vessel injuries and negligently and unreasonably failing to properly and timely investigate Plaintiff's right to maintenance, cure, and unearned wages.

33. As a direct legal and proximate cause of Defendant's breaches of said duty, Plaintiff has suffered and incurred and will continue to suffer and incur consequential and/or compensatory damages and is entitled to past and future maintenance, cure, and unearned wages until he reaches maximum medical improvement.

## CLAIM FOR ATTORNEY FEES AND PUNITIVE DAMAGES
## FOR FAILURE TO PAY MAINTENANCECURE & UNEARNED WAGES

34. Plaintiff realleges and incorporates Paragraphs 1 – 33 as if fully set forth.

35. After Plaintiff was injured on the F/V ICY MIST, Defendant knowingly failed to provide maintenance and cure, including with respect to curative treatment recommended by Plaintiff's treating medical providers, and knowingly failed to pay Plaintiff's full unearned wages.

36. Defendant's failure to pay maintenance, cure, and unearned wages was intentional, willful, callous, arbitrary, capricious, and in bad faith.

37. As a result of Defendant's intentional, willful, callous, arbitrary, capricious, and bad faith failure to provide Plaintiff maintenance, cure, and unearned wages, Plaintiff is entitled to attorney fees and punitive damages in an amount to be determined at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court hear his just cause of action, that this Court require that Defendant answer his just cause of action, and that he

Compl. for Maritime Personal Injuries
*Christiansen v. F/V Icy Mist LLC*            Page 6 of 7

be awarded judgment against Defendants as follows:

1. That Plaintiff be awarded maintenance, cure, and unearned wages against Defendant in an amount to be proven at trial.

2. That Plaintiff be awarded attorney fees and punitive damages against Defendant for failure to pay maintenance, cure, and unearned wages in an amount to be proven at trial.

3. That Plaintiff be awarded compensatory, consequential, general, special, exemplary/punitive, and all other damages and attorney fees allowable under the general maritime law and/or the Jones Act against Defendant in an amount to be proven at trial.

4. That Plaintiff be awarded attorney fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which Plaintiff is entitled.

DATED this 12th day of September, 2024 at Anchorage, Alaska.

TRUEB BERNE & BEARD, LLP
Attorneys for Plaintiff

By: *s/ Zach Berne*
Zach Berne, ABA No. 1311098
Lanning Trueb, ABA No. 8911083

Compl. for Maritime Personal Injuries
*Christiansen v. F/V Icy Mist LLC* Page 7 of 7